IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                        Criminal No. 05-81
                                          Criminal No. 03-290

JACOB HOWELL

**RULINGS ON DEFENDANT'S OBJECTIONS
TO PRESENCE INVESTIGATION REPORT**

**AND NOW, this 25th day of October, 2005**, in accordance with Fed.R.Crim.P. 32(i) and

Local Rule of Court LCrR 32.1(H), the Court makes the following findings and rulings with

respect to the sentencing factors in dispute:

1.      The government has no objections, modifications or corrections to the

Presentence Investigation Report ("PSI") that will impact sentencing.

2.      Defendants' Position with Respect to Sentencing Factors (Document No. 10 at

Criminal No. 05-81) sets forth two "distinct matters" in response to the PSI.

The first matter does not impact sentencing, according to defendant, but nevertheless, he

places this matter on the record via his Position with Respect to Sentencing Factors. Defendant

asserts that during the change of plea hearing, the AUSA misstated his estimate of the

appropriate advisory guidelines sentence. The AUSA stated his estimate at 262-327 months,

whereas the P.S.I. and Probation Office have calculated an advisory sentence range of 322- 387

months, based upon a Total Offense Level 34 and a Criminal History Category VI. Defendant

objects to that calculation, but as to this first "distinct matter," he merely observes the under

estimate by the AUSA.

There is nothing about this admitted misstatement that would undermine the guilty plea.

The Court notes that defense counsel agreed with the AUSA's "belief" that 262 to 327 months was the applicable advisory guidelines range, that the Court made sure defendant understood that he could be sentenced up to and including the maximum sentence allowed by statute, namely 15 years to life imprisonment, and that he understood the Court was not bound by any recommendations his counsel and the government may have made.  Moreover, defendant is not now seeking to withdraw his plea.  Accordingly, the Court agrees with defendant that the AUSA's underestimate (apparently shared by defense counsel and predicated on a view of his criminal history that proved inaccurate) is not a matter that impacts defendant's sentence.

3.      The second matter is an objection because it does impact the guidelines range calculation as well as the statutory mandatory minimum sentence defendant faces if his objection is overruled.  Defendant objects to the determination by the Probation Office that defendant is subject to the mandatory minimum ten year term of imprisonment required by statute if his offense is his second or subsequent felony drug offense, 21 U.S.C. § 841(b)(1)(B).  The government charged defendant in Count Two of its information at Criminal No. 05-81 (to which defendant pleaded guilty) with having previously been convicted of a felony drug offense in the Court of Common Pleas of Allegheny County, and on March 31, 2005, it filed its "Information Charging a Prior Offense Pursuant to Title 21, United States Code, Section 851" charging that same offense as the conviction that would trigger the statutory ten year minimum under 21 U.S.C. § 841(b)(1)(B).

Proper section 851 notification makes a big difference.  With the previous felony drug conviction, defendant's statutory sentence would be ten years mandatory minimum to life; without it, defendant's statutory sentence would be five to 40 years.

2

Although the government filed its notification pursuant to 21 U.S.C. § 851 on March 31, 2005, defendant claims it should be disregarded because it was not timely served -- he claims not to have actually received it prior to his guilty plea, and that he did not learn about it until afterwards when counsel's paralegal noticed it on the docket and copied it from the court's file. Section 851 provides, in relevant part: "(a) Information filed by United States Attorney. (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."  (emphasis added).  Defendant concedes that if "the § 851 information had been timely served . . . --"322-387" [months] would be the applicable advisory guideline range." Position of Defendant at 3.

The Court finds, on the record before it, that defendant had actual notice of the triggering information prior to entering a plea of guilty to the indictment at Criminal No.  03-290 and Information at Criminal No.  05-81.  First, the plea agreement specifically reserved the government's right to file the section 851 notice.  Second, the section 851 information was filed with the clerk of court on March 31, 2005, by the former AUSA who was about to leave for a tour of duty in Iraq; there is a certificate of service attached to that information but in her apparent haste to commence her tour of duty, the AUSA did not date the certificate.  Third, the government represented at the change of plea colloquy that defendant "understands that the federal government has filed an information under 21 U.S.C. section 851 stating his prior conviction as a basis for increased punishment" and defendant did not correct or object to that

3

statement.  Transcript of Change of Plea Hearing (Sealed) (Document No.  13), at 33.  Fourth, the conviction noticed in the section 851 information is the same felony drug conviction that is the subject of Count Two of the information at Criminal No.  05-81.  Fifth, defendant does not now move the Court to withdraw his guilty plea.  Based upon the totality of the circumstances, the Court will overrule defendant's objections to the P.S.I. and the calculation of an advisory guideline sentence of 322 to 387 months by the Probation Office.

5.    Defendant also filed, on the eve of sentencing (October 21, 2005) a Motion for Relief challenging the 100 to 1 crack to powder sentencing ratio contained within the drug tables of the guidelines manual.  At this late date, the Court will hear from the parties on this Motion, both on the merits and as to its timeliness.  However, the Court will state some general principles it follows in sentencing defendants after *Booker* and *Fanfan*.

In arriving at an appropriate sentence, this Court always considers the numerous statutory factors set forth in section 3553.  Thus, the Court attempts to arrive at a sentence that would be sufficient, but not greater than necessary: (a) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) to afford adequate deterrence; (c) to protect the public against commission of further crimes by this defendant; and (d) to provide the defendant with needed and effective educational or vocational training, medical care, or other correctional treatment.

Additionally, the Court considers all of the other factors set forth in 18 U.S.C. § 3553(a), including: the nature and circumstances of the offense and the defendant's history and characteristics; the kinds of sentences available for this offense; the sentencing guidelines range under the advisory guidelines adopted by the United States Sentencing Commission for the

4

category of offense and defendant's criminal history; any applicable policy statements adopted by the Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

Important to this Court's determination of an appropriate sentence, but not dispositive, is the range derived from correct application of the guidelines, which requires this Court to rule on objections and consider the Probation Office's guidelines calculation.  This factor then is considered along with all the other factors enumerated in section 3553.

6.     Pursuant to Federal  Rules of Criminal Procedure 32(i)(3)(B), this Court is required, with regard to any factual inaccuracy in the PSI, to make a finding as to each allegation or a determination that no such finding is necessary because the matter in controversy will not be taken into account in sentencing the defendant.  Because neither party has challenged the accuracy of the Probation Office's report in any other respect, the Court will accept the accuracy of the fact findings of the PSI which are not in dispute. *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989) ("A conclusion in the presentence investigation report which goes unchallenged by the defendant is, of course, a proper basis for sentence determination.  In this respect, the report serves as a prima facie and sufficient showing of fact.").

The sentencing proceeding will proceed in accordance with the foregoing findings and rulings.

**SO ORDERED** this 25th day of October, 2005.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record as listed below

Stephen R.  Kaufman, Esquire
Thomas Livingston, Esquire
United States Marshal's Office
United States Probation Office